## Hollinger v. Breigner.

*Judgment entered on transcript—Certification to other county—Validity of—Exemplification—When insufficient.*

1. The court of the county to which the judgment is certified has no authority to inquire into the merits or regularity of the judgment; that is the exclusive province of the court of the county where it was originally entered.

2. In such case, the exemplification should contain the whole record and should so state, and where the judgment was originally entered on a transcript, and it does not include such transcript, the proceedings founded on it will be set aside

Rule to strike off judgment. C. P. Lancaster Co., Aug. T., 1925, No. 298

*S. V. Hosterman,* for rule; *Charles E. Workman,* contra.

LANDIS, P. J., Jan. 16, 1926.—The petition in this case avers that, on July 1 1925, the plaintiff, who resides in Lebanon County, caused to issue a writ o summons in trespass on the case against the defendant from Paul S. Ulrich an alderman of the City of Lebanon. Presumably, it was duly served, bu it is claimed that the defendant entered no appearance nor defence at th hearing; that the alderman gave judgment in favor of the plaintiff for $5 as damages, and subsequently the plaintiff filed a transcript of the judgmen .in the Court of Common Pleas of Lebanon County. On Sept. 5, 1925, a exemplification of the record of the Court of Common Pleas of Lebano County was filed in this court and execution was issued thereon, and a lev was made upon the property of Anna Breigner, wife of the defendant. Thi property has been advertised for sale by the sheriff. We are now asked t strike off the judgment from the records of Lancaster County as being illeg and defective. The rule to show cause granted by this court was served o the plaintiff's counsel, but no answer has been filed and no depositions hav been taken. Can a judgment be stricken off for such a cause?

In Brandt's Appeal, 16 Pa. 343, it was decided that the court of the count to which the judgment is certified has no authority to inquire into the meri or regularity of the judgment; that it is the exclusive province of the cou of the county where it was originally entered to make such inquiries into i validity, as the record remains there and the certified record is only eviden of its existence. See, also, Webster *v.* Clendenin (No. 2), 25 Lanc. La Rev. 129.

But it would seem that where the exemplification does not contain the who record the proceedings ought to be at least set aside. Thus, in Bank of Che ter County *v.* Olwine, 3 Clark, 507, it was decided that an execution issu on a judgment obtained in another county will be set aside upon its bei shown to the court that the whole record was not certified and that procee ings were pending and undetermined in the county where the judgment w obtained.

In Edmiston *v.* Schwartz, 13 S. & R. 135, Gibson, J., said: "Before adm ting a record as evidence, the court must be enabled to judge of the leg effect of the whole of it, which may be different from that of a part, and bare extract is, therefore, not the best evidence of which the case is suscep ble," and he then proceeds to say that whether the exemplification contai the whole record must be judged of by the certificate of the officer whose bu ness it is to authenticate it; that a paper ·which states that it was tr copied from the records imports that it is an entire copy. In the present ca the exemplification merely says that it is a judgment and costs "on transcr from docket of Paul S. Ulrich, Alderman," but does not purport to be t whole record.

Hollinger v. Breigner.

In Updergraff v. Perry, 4 Pa. 291, it was held that "a copy of a docket entry certified to be 'as full and complete as the same now remains of record in said court' is not such a transcript of the record as is directed to be filed by the Act of April 16, 1840, § 1, P. L. 410, for the purpose of transferring a judgment from one court to another court in the Commonwealth." And in Miller v. Constein, 1 Schuyl. Legal Rec. 146, it was decided that, where a judgment was transferred from the Court of Common Pleas of Lancaster County to the Court of Common Pleas of Schuylkill County under the Act of April 16, 1840, "the transcript of the exemplification of the record should set forth that it is a full, entire and attested copy of the whole record in the case; so full and entire as the same remains of record in the office."

It would, therefore, seem that the exemplification as here filed was defective and that the rule to show cause should be made absolute.

Rule made absolute.　　　　From George Ross Eshleman, Lancaster, Pa.